UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY SMITH,

               Plaintiff,                               Case No. 16-cv-11320

v.                                              Paul D. Borman
                                              United States District Judge

UNITED WAY OF GENESEE COUNTY,

               Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO THE SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)(2)(B)**

On April 11, 2016, Plaintiff filed a Complaint objecting to her termination by the United Way of Genesee County from her position as an AmeriCorps Vista service member. (ECF No. 1.) Plaintiff also filed an Application to Proceed *In Forma Pauperis*, seeking to proceed with her Complaint in this Court without prepaying the filing fee. (ECF No. 2.) In her Application to Proceed Without Prepaying Fees, Plaintiff attests that she receives approximately $450 per pay period. Although Plaintiff does not specify the pay period, the allegations of her Complaint suggest that she receives an "extremely low living stipend" for her work with the United Way. She also attests that she owns a 1997 Pontiac automobile and a home valued at $25,000 and has no other sources of income. Plaintiff also represents that she receives food assistance and has expenses of approximately $500 per month. The Court concludes that Plaintiff, who attests that she qualifies to receive food assistance, has demonstrated sufficient indigence to proceed in this Court without prepayment of the filing fees and GRANTS the Application to Proceed *In Forma Pauperis*.

2:16-cv-11320-PDB-APP   Doc # 3   Filed 04/22/16   Pg 2 of 5   Pg ID 13

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The screening requirements of § 1915(e)(2) apply to complaints filed by non-prisoners as well as prisoners. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners."). Section 1915(e)(2) requires district courts to screen and to dismiss *sua sponte* claims that are frivolous or malicious, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes contentions that are "clearly baseless," or which describe "fantastic or delusional scenarios . . . ." *Id*. at 327-28.

Federal courts are courts of limited jurisdiction and have only such jurisdiction as defined by Article III of the United States Constitution and as granted by Congress. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."). Federal district courts have original jurisdiction over: (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction"), and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). This Court is obligated to consider *sua sponte* in every case whether it has subject matter jurisdiction over an action and to dismiss an action if at any time it finds that it lacks subject matter jurisdiction over the action. "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the

2:16-cv-11320-PDB-APP   Doc # 3   Filed 04/22/16   Pg 3 of 5   Pg ID 14

court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). *See also* Fed. R. Civ. P. 12(h)(3).

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, § 1915(e)(2)(B) directs that this Court must nonetheless dismiss such a complaint if, given that liberal construction, it is frivolous or fails to state a claim on which relief can be granted. Having closely reviewed and liberally construed Plaintiff's Complaint, the Court is unable to discern a cognizable federal claim that would supply a basis for subject matter jurisdiction in this case. Absent diversity of citizenship, which is neither alleged nor discernible from the face of Plaintiff's Complaint, a claim arising under federal law must be presented to support this Court's exercise of subject matter jurisdiction.

"A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution.'" *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006) (alterations in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Plaintiff indicates on her Civil Cover Sheet that the "Basis of Jurisdiction" over her claims is a federal question and she indicates that the "Nature of Suit" is "Civil Rights." (ECF No. 1, PgID 7, Civil Cover Sheet.) Her Civil Cover Sheet also indicates that both Plaintiff and Defendant are citizens of the State of Michigan. *Id.* Plaintiff does not identify any federal statute under which she proceeds, and she does not identify any Constitutional provision or other federal law under which she files her claims. She describes her claim as one for "wrongful[] terminat[ion] from AmeriCorps Vista Program." *Id.* Plaintiff, a Michigan citizen, names only one Defendant, the United Way of Genesee County, a Michigan

501(c)(3) Corporation.  http://www.unitedwaygenesee.org/reasons-give.

Plaintiff claims that the sole Defendant she has named, the United Way of Genesee County, terminated her services as an AmeriCorps Vista service member.[1]  While Plaintiff has check-marked the box indicating that the basis for jurisdiction is a federal question and indicated that the nature of her suit is "civil rights," her Complaint does not suggest any federal statute or Constitutional provision that she claims has been violated.

Plaintiff alleges that an individual named Kerry Downs "was not a very honest individual who seemed to have a dislike for [Plaintiff]."  ECF No. 1, PgID 3.  Plaintiff alleges that she was disciplined "for no reason," and that she "performed excellently and worked hours when it was not required."  *Id*. at PgID 4.  She alleges that her termination by the United Way was "a dirty thing to do" and that the experience has left her "devastated because [she] was forced by the United Way of Genesee County to break [her] oath to the government," and this has led to mental distress and embarrassment.  *Id*.  For this, Plaintiff seeks to be "compensated monetarily," and to have a United Way jacket that she ordered given to her.  *Id*. at PgID 5.  She also seeks to have her "AmeriCorps records through the National & Community Service . . . to state that [she] completed AmeriCorps Vista 2015-2016 year

---

[1]  The Court's own research indicates that AmeriCorps Vista volunteers "are enrolled into the VISTA program when there is a . . . non-profit organization that has requested the assignment of a particular VISTA volunteer."  *Walls v. Corporation for Nat'l and Community Service,* No. 06-cv-3082, 2007 WL 295608, at *1 (D. Neb. Jan. 29, 2007).   The Corporation for National and Community Service ("CNCS") "is the federal agency that administers the Americorps and VISTA program . . . [and] must approve an organization's project application for a VISTA volunteer."  *Id*.  "Sponsors and project sites then provide the day-to-day supervision and direction for VISTA volunteers."  *Id*.  Assuming that Plaintiff was a service member in this program as her Complaint suggests, neither CNCS nor AmeriCorps Vista is named as a Defendant *and*, in any event, claims against those entities are subject to strict requirements of exhaustion of administrative remedies.  *Id*. at *2.

4

successfully." *Id.* at PgID 6.

Thus, Plaintiff believes that she was treated unfairly by certain individuals and ultimately wrongfully terminated by the United Way of Genesee County. Nothing in her Complaint suggests a basis for a federal claim over which this Court may properly exercise subject matter jurisdiction. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.").

Because Plaintiff has not asserted any cognizable federal cause of action, and because the Court discerns no other basis for subject matter jurisdiction, her Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The Court certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2016.


s/Deborah Tofil_____
Case Manager

5